SUMMARY ORDER
Plaintiffs Annice and Dominick DeCarol-is appeal from a May 7, 2007 judgment of the United States District Court for the Northern District of New York (David N. Hurd, Judge), dismissing their complaint for failure to prosecute. We assume the parties’ familiarity with the facts and procedural history of this case.
We review de novo a district court’s dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” *26 Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir.2002). Plaintiffs alleged that they were improperly cited under an anti-clutter law in July 2002 and October 2002 and that the Town of Vienna conducted a hearing on one of these citations in April 2003. All of these actions, including the April 2003 hearing, fall outside the three-year statue of limitations applicable to the December 2006 complaint, and are therefore time-barred. See Connolly v. McCall, 254 F.3d 36, 40-41 (2d Cir.2001) (“[Federal constitutional claims, brought pursuant to 42 U.S.C. § 1983, are governed by New York’s three-year statute of limitations impersonal injury actions, as well as the state’s tolling rules.”); N.Y.C.P.L.R. 214(5) (three-year statute of limitations for personal injury actions).
Similarly, the pendant state claims were properly dismissed. New York’s Town Law § 67 requires that a claim against a town be served in compliance with section 50-e of the General Municipal Law, which requires a plaintiff to serve a notice of claim within 90 days after the claim arises. Such state notice-of-claim statutes apply to state law claims in federal court. See Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir.1999) (“[I]n a federal court, state notice-of-claim statutes apply to siaie-law claims.”). There is no record or allegation that such notice had been submitted, thus .barring plaintiffs’ state law claims.
We have reviewed plaintiffs’ remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED. To the extent Appellants request appointment of counsel, the request is DENIED, as the claims on appeal lack merit.